792 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT H. TEEPLE (and all other similarly situated
individuals), Plaintiff-Appellant,
v.
JOHN T. PATTON, HON. CHIEF JUSTICE, COURT OF APPEALS, EIGHTH
APPELLATE DISTRICT; SAUL G. STILLMAN, HON. RETIRED JUDGE,
COURT OF APPEALS, EIGHTH APPELLATE DISTRICT; CHARLES H.
McCLENAGHAN, FORMER SUPERINTENDENT, OHIO DIVISION OF REAL
ESTATE; G. BRENT BISHOP, PRESENT SUPERINTENDENT OF OHIO
DIVISION OF REAL ESTATE; PAUL J. EVERSON, COMMISSIONER, THE
OHIO REAL ESTATE COMMISSION; SELMER E. PREWITT,
COMMISSIONER, THE OHIO REAL ESTATE COMMISSION; EDWARD J.
KIZER, COMMISSIONER, THE OHIO REAL ESTATE COMMISSION; ANN
BOLTE, COMMISSIONER, THE OHIO REAL ESTATE COMMISSION; DONNA
L. McALLISTER, COMMISSIONER, THE OHIO REAL ESTATE
COMMISSION, Defendants-Appellees.
 85-3262
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: MILBURN and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Robert H. Teeple appeals the district court's grant of summary judgment in favor of defendants-appellees Judges John T. Patton and Saul G. Stillman in this action alleging violations of 42 U.S.C. Sec. 1983. The district court held that defendants were entitled to absolute judicial immunity. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff was a licensed real estate salesman in the state of Ohio. Pursuant to Ohio Rev. Code Sec. 4735.13(B), plaintiff's license was in the possession of the real estate broker with whom plaintiff was associated. Upon termination of the broker-salesman relationship, the broker, in accordance with Ohio Rev. Code Sec. 4735.13(B), returned plaintiff's license to the Superintendent of the Ohio Division of Real Estate for cancellation. The broker did not, however, notify plaintiff of the cancellation of the license.
 
 
 3
 Upon discovery that his license had been cancelled, plaintiff requested the superintendent to reinstate his license. The superintendent refused, and plaintiff, pursuant to Ohio Rev. Code Sec. 4735.03(B), appealed to the Ohio Real Estate Commission. Following an informal hearing, the Commission denied reinstatement of plaintiff's license.
 
 
 4
 Plaintiff then filed an appeal, pursuant to Ohio Rev. Code Sec. 119.12, with the Court of Common Pleas for Cuyahoga County. Ohio Rev. Code Sec. 119.12 requires an administrative agency to prepare and certify a transcript of its proceedings within thirty days of the filing of an appeal. More than thirty days after filing the appeal, plaintiff moved for judgment in his favor on the ground that the Commission had failed to timely certify a copy of the record of the proceedings to the Court of Common Pleas. The Commission contended that the record had been timely certified and filed but apparently due to a clerical mistake in the clerk's office had not been docketed or placed in the proper file. The Court of Common Pleas, finding that the filing was not recorded on the court's docket, entered judgment in favor of plaintiff.
 
 
 5
 The Commission appealed that decision to the Court of Appeals, Eighth Appellate District, Cuyahoga County, Ohio. Judges Patton and Stillman were two of three appellate court judges on the panel assigned to hear and determine the Commission's appeal. Plaintiff moved to dismiss the appeal contending that Ohio Rev. Code Sec. 119.12 limits the right of appeal by administrative agencies to county courts of appeal to only those questions concerning 'the constitutionality, construction or interpretation of statutes and rules of the agencies.' Plaintiff asserted that the Commission's appeal involved only a 'factual question' with respect to whether or not the record had been timely certified. The Court of Appeals overruled plaintiff's motion and reversed. Judge Patton, writing for the court, stated:
 
 
 6
 The evidence in this case is uncontroverted. It is clear that the Commission did timely prepare and certify to the court the record in this case . . .. Revised Code 119.12 does not specify the Commission must file the record but that it must certify it.
 
 
 7
 Accordingly, the Commission's assertion that the trial court erred in its interpretation of R.C. 119.12 is well taken.
 
 
 8
 Judge Stillman joined in the decision of Judge Patton; however, Judge Pryatel dissented. Plaintiff's motion for reconsideration was overruled and his appeal to the Supreme Court of Ohio dismissed.
 
 
 9
 Plaintiff then commenced this action in the district court against several defendants, including Judges Stillman and Patton. Plaintiff alleged that the actions of Judges Patton and Stillman violated his civil rights and asked for monetary damages. The district court entered summary judgment in favor of Judges Patton and Stillman on the ground of judicial immunity. Pursuant to Fed. R. Civ. P. 54(b), the district court directed entry of a final judgment in favor of these two defendants.
 
 II.
 
 10
 A judge defending against a section 1983 action is entitled to absolute immunity from damages and liability for acts performed in his judicial capacity. Dennis v. Sparks, 449 U.S. 24, 27 (1980); Stump v. Sparkman, 435 U.S. 349, 360 (1978). In order for judicial immunity to apply, the judge must have subject matter jurisdiction over the question. Stump, 435 U.S. at 355; Sevier v. Turner, 742 F.2d 262, 271 (6th Cir. 1984). Plaintiff contends that because the Commission's appeal involved a factual issue, the Ohio appellate court did not have subject matter jurisdiction, and, therefore, defendants are not entitled to judicial immunity. However, there is a distinction between acts done in the excess of jurisdiction, in which case judicial immunity still applies, and acts done in the complete absence of subject matter jurisdiction, in which case a judge may be deprived of judicial immunity. Stump, 435 U.S. at 356-57; Sevier, 742 F.2d at 271. Subject matter jurisdiction must be broadly construed where the issue is a judge's immunity.
 
 
 11
 In the present case, plaintiff concedes that the Ohio appellate court had jurisdiction, pursuant to Ohio Rev. Code Sec. 119.12, to entertain appeals by administrative agencies involving construction or interpretation of statutes or regulations. The Commission's appeal required the Ohio appellate court to decide whether Ohio Rev. Code Sec. 119.12 required state administrative agencies to 'file' a record of the administrative proceeding with the clerk. It is, therefore, apparent that the Ohio appellate court acted within the scope of its subject matter jurisdiction.
 
 
 12
 Assuming, for the purposes of this appeal, that plaintiff's construction of Ohio law is correct, the worst that can be said of Judges Patton and Stillman is that they misconstrued their authority in a type of case they normally have jurisdiction to hear. '[I]f a judicial officer exceeds his authority in a type of case that he normally has jurisdiction to hear, the officer has not acted in the clear absence of all jurisdiction.' Sevier, 742 F.2d at 271. We conclude that the district court properly granted summary judgment in favor of defendants on the ground of judicial immunity.